## J. S. McClellan &c. v. L. D. Lyon.

**Appeal—Answer to Interrogatories—Failure to Reply—Reversal.**

Where answers made on oath to interrogatories attached to defendant's answer, denied the existence of every material allegation of defendant's answer, the failure of plaintiff to reply to the answer is a mere formal defect, and is not cause for reversal, the answer to the interrogatories being termed by appellant as a reply.

APPEAL FROM JEFFERSON CIRCUIT COURT.

December 11, 1872.

OPINION BY JUDGE LINDSAY:

The answer, which appellants insist constitutes a good counter claim, does not set up a specific amount due from appellee on account of alleged losses. It does not ask for a settlement of the partnership accounts, so that these losses might be ascertained, and a proper judgment finally settling the rights of the parties rendered. It does not appear that it was intended that it should be regarded as anything more than a plea in bar to the suit on the note. The only specific relief asked is that appellee's petition be dismissed. But if it be conceded that the facts set up constitute a counter-claim, the failure of appellee to reply was but a formal error in

this case. Appellants saw proper to attach to their answer a list·
of interrogatories, which were answered under oath by appellee, and
these answers deny the existence of each and every material alle-·
gation of appellants' answer. A formal reply, which appellants
might, before the trial or at any time before the cause was submit-
ted to the jury, have demanded, could have done nothing more.
We are of opinion that these answers to the interrogatories were
treated by appellants as a reply, and are not willing to disturb the
judgment for a merely formal error, by which it is impossible they
would have been prejudiced.

The motion to have judgment on their counterclaim, for the rea-
sons already given, was properly overruled.

Judgment *affirmed*.

*E. Field, for appellant.*

*Gibson & Gibson, for appellee.*